```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  PIERRE FRANCIS,                               :
                           Plaintiff,           :
                                                :
           -v-                                  :
                                                :    15-CV-3726 (JPO)
  MEGAN J. BRENNAN, POST MASTER                 :
  GENERAL; GENIE MARTINEZ, STATION              :    OPINION AND ORDER
  MANAGER,                                      :
                                                :
                           Defendants.          :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff Pierre Francis, proceeding *pro se*, filed this action on May 1, 2015. (Dkt. No. 1.) In his Amended Complaint, Francis asserts employment discrimination claims related to his termination by the United States Postal Service. (Dkt. No. 7.) Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13.) For the reasons that follow, the motion is granted.

**I.     Background**

The following facts, which are taken from Francis's Amended Complaint, are assumed true for purposes of this motion. (Dkt. No. 7.) *See Integra FX3X Fund, L.P. v. Deutsche Bank, AG*, No. 14-CV-8400, 2016 WL 1169514, at *1 (S.D.N.Y. Mar. 22, 2016). Francis also references his Equal Employment Opportunity ("EEO") office complaint, but includes no documentation relating to that complaint. The Postmaster General attaches to her opposition brief an EEO document signed by Francis. (Dkt. No. 15.) The Court deems that document incorporated by reference and "integral to the complaint," and therefore considers it on this motion. *Mauro v. N.Y.C. Transit Auth.*, No. 09-CV-4732, 2010 WL 1424009, at * 1 n.1 (S.D.N.Y. Apr. 9, 2010) (quoting *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d

1

Cir. 2006)); *see, e.g.*, *Collins v. City of New York*, -- F. Supp. 3d --, 2016 WL 127591, at *4 n.4 (S.D.N.Y. 2016).

Francis was a City Carrier Assistant for the United States Postal Service ("USPS"), based in Bronx, New York. (Dkt. No. 7 at 5.) He is an African American man, and he alleges that he was "constantly harass[ed]" regarding his "dark skin tone" by his Hispanic station manager, who called Francis "lazy." (*Id.*)

Francis reports that he sometimes returned mail to the post office, because certain mailbox panels on his route were broken. His station manager accused him of dumping mail and abandoning his route, and the USPS Inspector General initiated an investigation. Francis alleges that he reported that other mail carriers were opening broken mailboxes with screwdrivers, in violation of USPS policy and other legal prohibitions. The Inspector General found no evidence of wrongdoing, but Francis was nonetheless terminated around August 29, 2014. (*Id.* at 6.) Francis also suggests that he was terminated quickly in part so that his firing could occur while he was on probation as a new mail carrier. (*Id.* at 7.) In his opposition, Francis notes that the termination prevented Francis from receiving unemployment benefits. (Dkt. No. 17 at 1.)

Francis filed a complaint with the USPS EEO office in September 2014, initiating its informal counseling process. (Dkt. No. 7 at 5.) He states that his EEO arbitrator "did not help [him] out at all. She made it clear to [him] that [he] was guilty of the false accusations and there wasn't anything that she can do to help [him] clear [his] name." (*Id.*; *see* Dkt. No. 17 at 1.) A declaration attached to Defendant's motion contains a document dated October 1, 2014, signed by Francis withdrawing his request for EEO counseling. (Dkt. No. 15 Ex. 1.)

This action followed. Francis's initial Complaint sought relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967

("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), against his supervisors. (Dkt. No. 2.) This Court (Preska, C.J.) ordered Francis to amend on the ground that "[t]he only proper defendant in actions brought by a federal employee under Title VII or the ADEA is the head of the agency being sued." (Dkt. No. 4 at 3.) Additionally, the Court found that Francis's state-law claims were preempted by federal employment discrimination statutes. (*Id.* at 4.) It also noted that Francis's allegations were insufficient because they failed to allege that his supervisors acted "because of his race, color, age, or sex." (*Id.* at 5.)

Francis filed his Amended Complaint on September 28, 2015. (Dkt. No. 7.) That Complaint was brought against the Postmaster General and Francis's station manager, and it alleged claims under only the NYCHRL. (*Id.*) This Court (Oetken, J.) construed Francis's Amended Complaint as a Title VII claim, rather than a NYCHRL claim, since "Title VII provides the exclusive judicial remedy for [his] claim[] of discrimination in federal employment." (Dkt. No. 10 at 2.) It then dismissed the station manager, since she is not the head of the agency being sued, and ordered the U.S. Marshals Service to assist Francis with service. (*Id.* at 2-3.) Though service appears to have been imperfect, the Postmaster General has waived service. (Dkt. No. 14 at 3 & n.1.) On February 22, 2016, the Postmaster General filed the instant motion. (Dkt. No. 13.)

**II.     Legal Standard**

Pursuant to Rule 12(b)(6), dismissal is appropriate when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That standard is met when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). The court "need not accord [l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (alteration in original) (internal quotation marks and citation omitted)). Ultimately, the allegations "must be enough to raise a right to relief above the speculative level." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In all cases involving *pro se* plaintiffs, courts construe the complaint liberally and interpret the plaintiff's pleadings "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 467 (2d Cir. 2006) (citation omitted). As a general rule, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

**III.   Discussion**

This case begins and ends with the doctrine of administrative exhaustion. "Title VII requires a plaintiff to pursue and exhaust administrative remedies before bringing suit." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (citing 42 U.S.C. §§ 2000e-5(e)-(f)); *see Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) ("The administrative exhaustion requirement applies to *pro se* and counseled plaintiffs alike."); *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008) ("[A] federal government employee must timely exhaust the administrative remedies at his disposal." (quoting *Belgrave v. Pena*, 254

F.3d 384, 386 (2d Cir. 2001) (per curiam)). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Fowlkes*, 790 F.3d at 384 (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998)). Accordingly, exhaustion is "an essential element of the Title VII statutory scheme" and "a precondition to bringing such claims in federal court." *Id.* (alteration omitted) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)).

Under the applicable regulations, "a government employee seeking to bring an employment discrimination claim must first seek informal . . . counseling within his agency, and then file a formal complaint with the agency." *Wilder v. U.S. Dep't of Veterans Affairs*, No. 14-CV-10072, 2016 WL 1322455, at *4 (S.D.N.Y. Mar. 31, 2016) (quoting *Young v. U.S. Dep't of Homeland Sec.*, No. 10-CV-9571, 2011 WL 6057849, at *1 (S.D.N.Y. Dec. 5, 2011)). That is, the employee must "(1) consult with a counselor at the relevant agency's" EEO, "and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint." *Mathirampuzha*, 548 F.3d at 75 (quoting *Belgrave*, 254 F.3d at 386); *see* 29 C.F.R. §§ 1614.105(a), 1614.106(a)-(e), 1614.407.

Francis pretermitted this process. He began the informal counseling process, but voluntarily withdrew from the proceeding and appears never to have filed a formal written administrative complaint. He alleges that this EEOC representative said she "cannot help," was "not on [his] side," and encouraged Francis to "accept the termination" and "quit fighting." (Dkt. No. 17.) Even if this is so, Francis's next step should have been to engage in the formal administrative process, rather than to file this action. *See* 29 C.F.R. § 1614.106. The agency offered further procedures for Francis and had authority to aid him. *Cf. Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006) (discussing equitable circumstances in which a court may "waive

administrative exhaustion requirements"); *see also Fowlkes*, 790 F.3d at 386 (describing the futility defense).

However sympathetic Francis's allegations may be, the Court may not disregard these procedural requirements, even for a *pro se* litigant. *Wilder*, 2016 WL 1322455, at *4 (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1994) (per curiam)); *cf. Pryor v. Nat'l Grid.*, No. 10-CV-6507, 2011 WL 3251571, at *2 (S.D.N.Y. July 28, 2011). The claim must be dismissed.

Finally, the Court notes that Francis's pleading repeatedly uses the term "whistleblower." The courts of this district lack jurisdiction over any claim arising under the federal Whistleblower Protection Act, which in any event Francis has not exhausted. *See Hardy v. Hamburg*, 69 F. Supp. 3d 1, 12 (D.D.C. 2014) (citing *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002)) ("Indeed, under no circumstances does the [Act] grant a District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." (alterations omitted)); *see also* 5 U.S.C. §§ 1214, 1221, 7703; 28 U.S.C. § 1295. The Court is not aware of any parallel state law cause of action that applies in the context of federal employment, and in any event the Court would decline to exercise jurisdiction over any such state law claims.

**IV.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close the motion at docket number 13 and terminate the case.

SO ORDERED.

Dated:  June 1, 2016
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PLAINTIFF BY CHAMBERS*

6